**BLD-228** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2958
_____

GARY R. DIEFFENBACH,

Appellant

v.

DEPARTMENT OF REVENUE; OFFICE OF INSPECTOR GENERAL;
EARL CRAGO; MIKE GARMAN; JOE CRAIGWELL; PAUL SLOAD;
KIMBERLY GLASER; CARRIE FERREE; ALLEN JONES; COLLEEN ALVIANI;
MOLLY LEACH; THOMAS SCOTT; DONALD PATTERSON; WILBUR HETRICK;
JULIA SHERIDAN; GREGORY FAJT; BRIAN WILLIAMS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-09-cv-00967)
District Judge: Honorable Yvette Kane
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2012

Before: SCIRICA, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: July 31, 2012 )

_____

OPINION
_____

1

PER CURIAM

Pro se appellant Gary R. Dieffenbach appeals the District Court's order dismissing defendant Molly Leach pursuant to Fed. R. Civ. P. 4(m) and granting summary judgment in favor of all remaining defendants. Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment pursuant to 3d Cir. LAR 27.4 and I.O.P. 10.6.

I.

The instant case arises from Dieffenbach's complaint bringing assorted claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1981 and alleging various defendants' violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. §§ 951-963.

Dieffenbach claims defendants retaliated against him for making a statement, and testifying, on behalf of a fellow employee in a matter concerning alleged racial employment discrimination. Prior to filing this action, he filed an administrative complaint, but he failed to include these claims in the administrative complaint. He has amended his complaint in this case several times but has never served one of the named defendants, Molly Leach.

In April 2010, the District Court granted defendants' motion to dismiss Dieffenbach's Title VII claims against the individual defendants and the Office of Inspector General, and his 42 U.S.C. § 1983 claims against all defendants, under Fed. R.

2

Civ. P. 12(b)(6) for failure to state a claim. In October 2010, also pursuant to Rule 12(b)(6), the District Court granted defendant Paul Sload's motion to dismiss, dismissing him from the case; dismissed the PHRA claims against defendants Earl Crago, Joe Craigwell, Greg Fajt, Mike Garman, Kim Glaser, Wilbur Hetrick, Donald Patterson, Thomas Scott, and Julia Sheridan; dismissed all claims under 42 U.S.C. § 1981; and dismissed the PHRA claims against the Department of Revenue and Office of Inspector General. At that point the only claims remaining were alleged violations of Title VII by the Department of Revenue and alleged violations of the PHRA by defendants Colleen Alviani, Carrie Ferree, Brian Williams, Allen Jones, and Molly Leach. In June 2011, the District Court dismissed defendant Leach and granted summary judgment in favor of all remaining defendants. Dieffenbach now appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of orders dismissing under Rule 12(b)(6) and granting summary judgment is plenary. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) (12(b)(6)); State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009) (summary judgment). We review the dismissal pursuant to Rule 4(m) for abuse of discretion. Boley v. Kaymark, 123 F.3d 756, 757 (3d Cir. 1997). We may summarily affirm pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 when the appeal presents no substantial question.

## III.

3

When considering a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, a court must accept as true all material allegations, read the complaint in the light most favorable to the plaintiff, and decide whether, under any reasonable understanding of the complaint, the plaintiff may be entitled to relief. Fleisher v. Standard Ins. Co., 679 F.3d 116 (3d Cir. 2012). To survive such a motion, a complaint must include sufficient allegations, taken as true, to state a facially plausible claim to relief. Id.

Even after amending his complaint several times, Dieffenbach failed to support his claims of ongoing retaliatory harassment with any specific facts alleged to have occurred within the statute of limitations, and we agree that this is sufficient reason to grant defendants' motion to dismiss all of Dieffenbach's Section 1983 claims.

Because a private right of action cannot be implied under 42 U.S.C. § 1981, McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009), we conclude the District Court's dismissal of Dieffenbach's Section 1981 claims was also proper.

The dismissal of the PHRA claims against the Department of Revenue and Office of Inspector General was proper because they are immune from such claims. Pennsylvania has retained its immunity against PHRA claims when they are brought in federal court. 42 Pa. Cons. Stat. Ann. § 8521(b).

We conclude that the District Court's dismissal of the Title VII claims against the individual defendants was proper because under Title VII individual employees cannot be held liable. Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir.

4

1996). We also conclude that the District Court's dismissal of the Title VII claims against the Office of the Inspector General was proper because, under a reasonable reading of Dieffenbach's complaints, he has failed to state any facially plausible claim to relief against that office.

Furthermore, we conclude that the District Court's dismissal of the PHRA claims against defendants Crago, Craigwell, Fajt, Garman, Glaser, Hetrick, Patterson, Scott, and Sheridan was proper because we agree that Dieffenbach provided no plausible basis for finding that they did anything unlawful within the statute of limitations period. We also conclude that dismissal of defendant Sload was proper because we agree that Dieffenbach's bald assertion, absent any accompanying averments, that Sload is at the center of an unspecified conspiracy is facially implausible.

IV.

We next consider the District Court's June 2011 order granting defendants' motion for summary judgment. We agree with the District Court's disposition: defendants showed there was no genuine dispute as to any material fact with respect to Dieffenbach's failure to exhaust available administrative remedies as required by both Title VII of the Civil Rights Act and the PHRA. Burgh v. Borough of Montrose, 251 F.3d 465, 469 (3d Cir. 2001).

In support of their contention that Dieffenbach failed to exhaust administrative remedies, defendants noted, and Dieffenbach never specifically disputed, that his allegations in the instant cause of action are unrelated to those in his administrative

5

complaint. His administrative complaint alleged that (1) he was retaliated against for complaining to supervisors about their failure to discipline younger workers for taking extended breaks and (2) he was discriminated against because of his age when he was orally warned for returning late from a break while younger workers were not. The claims in this case, however, concern retaliation for making a statement in support of, and testifying on behalf of, a coworker in an alleged matter of racial discrimination.

In these circumstances, the bounds of the civil action are defined by the scope of the administrative investigation that can reasonably be expected to arise from the administrative charges. Atkinson v. Lafayette Coll., 460 F.3d 447, 453 (3d Cir. 2006). We agree with the District Court that the two sets of allegations do not concern the same events, and that the scope of any investigation of Dieffenbach's administrative complaint could not reasonably be expected to include the allegations raised in this cause of action. Because he did not include the claims he raises in this case in his administrative complaint, he has failed to exhaust administrative remedies for the claims in this case and the defendants are entitled to summary judgment.

V.

Finally, we conclude that the District Court did not abuse its discretion in dismissing defendant Leach pursuant to Rule 4(m), which states that if a defendant is not served within one hundred twenty days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time, but that if plaintiff shows good cause for the failure, the court must extend

6

the time for service as appropriate. On January 12, 2010, the District Court ordered that Dieffenbach serve defendant Leach on or before February 9, 2010. Defendant Leach has never been served, and Dieffenbach has never shown good cause for this failure. The District Court's dismissal of Leach was therefore not an abuse of discretion.

VI.

Thus finding no substantial question raised by this appeal, we will summarily affirm the judgment of the District Court.