# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eddie L. Collins and Gary Dieffenbach, :
                  Appellants :
                  :
           v. : No. 1876 C.D. 2016
                  : Submitted: June 2, 2017
Earl Crago, Thomas Scott, Mike :
Garman, Joe Craigwell, Paul Sload, :
Kim Glaser, Carrie Ferree, Allen :
Jones, Donald Patterson, Colleen :
Alviani, Brian Williams, Greg Fajt, :
Julia Sheridan, Molly Leach, Wilbur :
Hetrick, Sarah Yerger, Commonwealth :
of Pennsylvania, Department of Revenue:
and Office of Inspector General (OIG) :
and PA Office of Attorney General :
(OAG), James Honchar, Sandra Muma, :
Nancy Moskel, Mary Graham, Susan :
Price, Benita Martinez, Bill Olsen, :
Somchai Sae-Tong, Christine Fritto :
Easton :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**            **FILED: September 15, 2017**

        This case returns to us following our remand to the Court of Common

Pleas of Dauphin County (trial court). See Dieffenbach v. Crago (Pa. Cmwlth.,

No. 308 C.D. 2014, filed December 5, 2014), 2014 WL 10298862 (unreported)

(Dieffenbach I). In Dieffenbach I, we determined the trial court erred in sustaining

the preliminary objections of the Department of Revenue (Department) and its

former Secretary, Gregory Fajt,[1] on the ground that the suit filed by Gary Dieffenbach and Eddie L. Collins (collectively, Plaintiffs) was barred by the statute of limitations. We returned this matter to the trial court for consideration of the remaining preliminary objection of Defendants Fajt and the Department as well as consideration of whether Plaintiffs' claims against defendants other than Fajt and the Department,[2] who filed separate preliminary objections, were barred by the statute of limitations.

On remand, the trial court sustained the preliminary objection of Defendants Fajt and the Department on the ground that Plaintiffs' suit was barred by *res judicata* based on the outcomes of prior federal lawsuits filed by Plaintiffs. The trial court also sustained the preliminary objection of the other defendants on the ground that Plaintiffs' claims against them were barred by the statute of limitations. Upon review, we affirm in part, reverse in part and remand for further proceedings.

## I. Background

In Dieffenbach I, we set forth the following background to this matter. On March 15, 2005, Plaintiffs filed a writ of summons in the trial court naming the Department and Fajt as defendants. On March 23, 2005, the sheriff's office served the writ of summons on Fajt and the Office of the Attorney General. Shortly

---

[1] Fajt served as Secretary of the Commonwealth's Department of Revenue from 2003 through 2007.

[2] The other named defendants are the Office of Inspector General, the Pennsylvania Office of Attorney General and numerous current or former Commonwealth employees.

thereafter, counsel from the Attorney General's Office entered his appearance on behalf of Fajt and the Department.

In 2006, Plaintiffs' counsel filed a petition to withdraw, in which counsel averred Plaintiffs filed no complaint and there was no docket activity since the filing of the writ. After issuance of a rule to show cause, counsel was permitted to withdraw.

In November 2008, the trial court entered a Notice of Proposed Termination of Court Case in this matter. See Pa. R.C.P. No. 230.2. In January 2009, Plaintiff Collins filed a Reply to Notice of Proposed Termination of Court Case, in which he indicated his intent to proceed with the case.

In March 2012, the trial court entered a second Notice of Proposed Termination of Court Case. On May 25, 2012, Plaintiffs filed a complaint against Fajt, the Department and 17 additional defendants. Plaintiffs alleged that, during their employment with the Department, they were subjected to racial discrimination, harassment and retaliation. They averred Plaintiff Collins, a black male, complained of and opposed discriminatory practices within the Department and was subjected to retaliation after doing so. They further alleged Plaintiff Dieffenbach was subjected to retaliation after he testified in support of Plaintiff Collins regarding the discrimination and retaliation.

In July 2012, Plaintiffs filed an amended complaint, which attempted to incorporate their entire original complaint by reference. Through their amended

complaint, Plaintiffs sought to add an additional 13 defendants and include several additional allegations. In the complaint and the amended complaint, Plaintiffs purportedly raise claims pursuant to Title VII of the Civil Rights Act of 1964 (Title VII),[3] 42 U.S.C. §§1981, 1983, 1985(3) and/or 1986, the Pennsylvania Human Relations Act (PHRA),[4] and the Pennsylvania Whistleblower Law.[5]

Of further note, in between the filing of the writ of summons and the filing of the original and amended complaints, both Plaintiffs filed suit separately in federal court. In particular, Plaintiff Dieffenbach filed suit against Fajt and the Department as well as several additional defendants alleging violations of Title VII and raising claims under 42 U.S.C. §§1981 and 1983, and the PHRA stemming from his employment with the Department. Plaintiff Collins filed two suits in federal court against Fajt and the Department as well as several other defendants stemming from his employment with the Department. He asserted claims under Title VII, 42 U.S.C. §§1981, 1983, 1985 and 1986, as well as the PHRA. All of Plaintiffs' federal suits were unsuccessful.

In response to Plaintiffs' complaint filed in state court, which is at issue here, Defendants Fajt and the Department filed preliminary objections in which they raised the statutes of limitations and *res judicata* as grounds for dismissing the complaint. Numerous other defendants separately filed preliminary

---

[3] 42 U.S.C. §§2000e–2000e–17.

[4] Act of October 27, 1955, P.L. 744, as amended, 43 P.S. §§951-963.

[5] Act of December 12, 1986, P.L. 1559, as amended, 43 P.S. §§1421–1428.

objections in which they raised the statute of limitations as a basis for dismissing the complaint.

In Dieffenbach I, the trial court subsequently issued an opinion and order in which it sustained the preliminary objections of Defendants Fajt and the Department as well as the preliminary objections of the other defendants. The trial court determined Plaintiffs' claims were barred by the statute of limitations. The trial court based its decision on the fact that Plaintiffs filed and served writs of summons on Defendants Fajt and the Department in 2005, but did not file their complaint until approximately seven years later, a period which exceeded the limitations periods for any of the causes of action alleged. The trial court noted that in this seven-year period, Plaintiffs did not reissue their writs. As such, the trial court did not reach the issue of whether Plaintiffs' claims were barred by *res judicata*. Also, in its opinion, the trial court did not separately address the preliminary objections of the defendants other than Fajt and the Department.

On appeal, this Court reversed and remanded. See Dieffenbach I. We determined the trial court erred in concluding Plaintiffs' claims were barred by the applicable statutes of limitations. To that end, it was undisputed that Plaintiffs commenced their suit by filing and serving a writ of summons on Defendants Fajt and the Department in March 2005. This was sufficient to toll the statutes of limitations. Id. (citing Galbraith v. Gahagen, 204 A.2d 251 (Pa. 1964); Sheets v. Liberty Homes, Inc., 823 A.2d 1016 (Pa. Super. 2003)). As such, Plaintiffs were not required to reissue the timely-filed writ where they effectuated proper, prompt service of the writ on Defendants Fajt and the Department. Sheets.

We further explained that the fact that Plaintiffs did not file their initial complaint until May 2012 did not render their claims against Defendants Fajt and the Department barred by the applicable limitations periods. Defendants Fajt and the Department were served with the writ of summons in 2005; they could have required Plaintiffs to file their complaint earlier by ruling Plaintiffs to file a complaint under Pa. R.C.P. No. 1037. Galbraith; Sheets. If Plaintiffs failed to respond to the rule, the case could be dismissed for failing to respond to the rule, not based on a violation of the applicable statutes of limitations periods. The trial court erred to the extent it concluded otherwise.

However, as to defendants other than Fajt and the Department, despite the fact that these defendants filed separate preliminary objections also raising the statute of limitations, the trial court did not separately analyze those preliminary objections. Therefore, we reversed the trial court to the extent it held Plaintiffs' claims against Defendants Fajt and the Department were barred by the statute of limitations, and we remanded for consideration of the remaining preliminary objection of Defendants Fajt and the Department, which was premised on *res judicata*. See Dieffenbach I. Additionally, we directed the trial court to consider whether Plaintiffs' claims against objecting defendants other than Fajt and the Department, who filed separate preliminary objections, were barred by the applicable statutes of limitations.

On remand, the trial court first determined that Plaintiffs' claims against the additional defendants were barred by the statute of limitations. More particularly, unlike Defendants Fajt and the Department, the additional defendants

6

were neither named in nor served with the writ of summons in 2005; rather, they first received notice of Plaintiffs' suit against them in 2012 when Plaintiffs filed their complaint and amended complaint. The trial court explained that, while the applicable statute of limitations was tolled once the Department and Fajt were served with the writ of summons, the additional defendants were never served with the writ. Because Plaintiffs' claims against the additional defendants carried a maximum statute of limitations period of 4 years, the trial court determined, the additional defendants correctly asserted the claims were time-barred.

As to the remaining preliminary objection raised by Defendants Fajt and the Department, that Plaintiffs' suit against them was barred *res judicata*, the trial court explained the doctrine of *res judicata* precludes re-litigation of issues decided in a prior, valid judgment in any future suit between the parties on the same cause of action. Bell v. Twp. of Spring Brook, 30 A.3d 554 (Pa. Cmwlth. 2011). The trial court further stated that for *res judicata* to apply the following criteria must be shown: the parties to the current suit are the same parties as in the prior lawsuit; the current claim arises out of the same "transaction or occurrence" underlying the first suit; and, the prior suit resulted in a valid, final judgment on the merits. See Roberts v. Estate of Pursley, 700 A.2d 475, 480 (Pa. Super. 1997).

Here, the trial court stated Dieffenbach filed a federal suit against the same defendants, alleging violations of Title VII, the First Amendment, and the PHRA. Those claims arose out of the same conduct for which he is currently suing the same defendants in state court. The trial court stated, the federal suit, docketed

7

at 4:09-CV-00967, was fully litigated and resulted in the entry of judgment in favor of all defendants in June 2011.

In addition, the trial court stated, Collins filed a federal suit, docketed at 1:99-CV-00829, against the same defendants, which involved the same claims as those currently before the trial court. The trial court explained this suit was also fully litigated and resulted in the entry of judgment in favor of the defendants in February 2006. For these reasons, the trial court concluded the doctrine of *res judicata* applied, and it sustained the preliminary objection of Defendants Fajt and the Department. Plaintiffs, representing themselves, again appealed to this Court.[6]

---

[6] After Plaintiffs filed their notice of appeal to this Court, the trial court directed them to file a concise statement of the errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). Thereafter, in its opinion filed pursuant to Pa. R.A.P. 1925(a), the trial court noted that Plaintiffs did not file a concise statement of the errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). Nevertheless, the trial court did not state that Plaintiffs' failure to file a 1925(b) Statement should result in waiver of the issues raised in Plaintiffs' appeal. Rather, the trial court incorporated by reference its prior opinion sustaining the preliminary objections of all of the defendants. In their brief to this Court, the defendants do not raise any issue regarding Plaintiffs' failure to comply with the trial court's order directing them to file a concise statement of the errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). Additionally, our review of the trial court's docket sheet reveals no indication that the prothonotary gave Plaintiffs notice of the trial court's order requiring Plaintiffs to file a 1925(b) Statement as required by Pa. R.C.P. No. 236(b). Under these circumstances, we decline to find waiver. See Schlag v. Dep't of Transp., Bureau of Driver Licensing, 963 A.2d 598 (Pa. Cmwlth. 2009) (where docket does not reflect that prothonotary provided notice of entry of a Rule 1925(b) order to appellant as required under Pa. R.C.P. No. 236 (b), this Court would not conclude appellant's issues were waived for failure to file a Statement).

## II. Discussion
## A. Plaintiffs' Claims Against Additional Defendants

On appeal,[7] Plaintiffs primarily challenge the trial court's determination that their claims against the defendants other than the Department and Fajt are barred by the applicable statutes of limitations.

The causes of action Plaintiffs purport to state in their complaint are based on Title VII, 42 U.S.C. §§1981, 1983, 1985(3) and/or 1986, the PHRA, and the Pennsylvania Whistleblower Law.

With regard to claims brought pursuant to 42 U.S.C. §1983, "the [U.S.] Supreme Court has concluded that such claims are best characterized as personal injury actions for purposes of state statutes of limitations." Burger v. Borough of Ingram, 697 A.2d 1037, 1041 (Pa. Cmwlth. 1997) (citing Wilson v. Garcia, 471 U.S. 261 (1985)). As such, claims brought pursuant to 42 U.S.C. §1983 are subject to a two-year statute of limitations in Pennsylvania. Id. (citing 42 Pa. C.S. §5524). Similarly, claims asserted under 42 U.S.C. §1985(3) are

---

[7] In ruling on preliminary objections, courts must accept as true all well-pled allegations of material facts as well as all inferences reasonably deducible from the facts. Stilp v. Commonwealth, 910 A.2d 775 (Pa. Cmwlth. 2006), aff'd, 974 A.2d 491 (Pa. 2009). For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery, and any doubt must be resolved in favor of the non-moving party. Id.

Although the statute of limitations is to be pled as new matter, it may be raised in preliminary objections where the defense is clear on the face of the pleadings and the responding party does not file preliminary objections to the preliminary objections. Petsinger v. Dep't of Labor & Indus., Office of Vocational Rehab., 988 A.2d 748 (Pa. Cmwlth. 2010). Similarly, "[a]s a general rule, res judicata is an affirmative defense and should be pleaded as new matter." Phila. Fraternal Order of Corr. Officers v. Rendell, 701 A.2d 600, 607 (Pa. Cmwlth. 1997). However, if the opposing party does not challenge "the procedural propriety of another party's preliminary objections raising res judicata" by filing preliminary objections thereto, the "defect is deemed waived." Id.

subject to the same two-year limitations period. <u>Bougher v. Univ. of Pittsburgh</u>, 882 F.2d 74 (3d Cir. 1989).

Further, "no action under the provisions of [42 U.S.C. §1986] shall be sustained <u>which is not commenced within one year after the cause of action has accrued</u>." 42 U.S.C. §1986 (emphasis added). Additionally, 42 U.S.C. §1981 has a four-year statute of limitations. <u>McGovern v. City of Phila.</u>, 554 F.3d 114 (3d Cir. 2009).

Under Section 4 of the Whistleblower Law, 43 P.S. §1424, an action must be filed within 180 days of the alleged violation of the Whistleblower Law. The 180-day time limit is mandatory; courts have no discretion to extend it. <u>O'Rourke v. Pa. Dep't of Corr.</u>, 730 A.2d 1039 (Pa. Cmwlth. 1999) (citing <u>Perry v. Tioga Cnty.</u>, 649 A.2d 186 (Pa. Cmwlth. 1994)).

In addition, under Title VII, a private action must be filed within 90 days of the date on which the complainant has notice of the Equal Employment Opportunity Commission's decision not to pursue the administrative charge. <u>See</u> 42 U.S.C. §2000e-5(f)(1). The onset of the 90-day period is generally considered to be the date on which the complainant receives a right-to-sue letter. <u>See</u> <u>Burgh v. Borough Council of Borough of Montrose</u>, 251 F.3d 465 (3d Cir. 2001). The 90-day period for filing a court action is treated as a statute of limitations. <u>Id.</u> The Third Circuit strictly construes the 90-day period, holding, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed. <u>Id.</u>

10

"Like Title VII, the PHRA establishes two limitations periods: first, the administrative charge must be filed by a complainant with the [Pennsylvania Human Relations Commission (PHRC)] within 180 days of the alleged discrimination, see [Section 9(h) of the PHRA,] 43 [P.S.] § 959(h); second, a court action must be filed within two years of the date that the PHRC gives the complainant notice of the closing of the administrative complaint. See [Section 12(c)(2) of the PHRA,] 43 [P.S.] § 962(c)(2)." Burgh, 251 F.3d at 475. "As in Title VII, these periods represent the complete legislative determination as to the appropriate timing provisions under the PHRA." Id.

Here, the factual allegations in Plaintiffs' complaint relate to events that occurred between 2004 and 2007. See Certified Record (C.R.), Item #13. However, Plaintiffs did not serve any defendants other than the Department and Fajt with either a writ of summons or the complaint and amended complaint until, at the earliest, more than four years later, in May and July 2012 when Plaintiffs filed their complaint and amended complaint, respectively. Plaintiffs cite no authority for their vague assertion that service of the writ of summons on the Department and Fajt in 2005 was sufficient to constitute service on the numerous other defendants named in Plaintiffs' complaint and amended complaint. Therefore, as the trial court properly determined because the causes of action against these additional defendants "carry a maximum statute of limitations period of 4 years, [the] [a]dditional [d]efendants are correct to assert such claims are barred." Tr. Ct., Slip Op., 10/28/16, at 4.

11

Nevertheless, Plaintiffs argue that under the "continuing violations" doctrine they may bring suit on claims that would ordinarily be time-barred as long as they are sufficiently related to incidents that fall within the statute of limitations period or are part of a systemic policy or practice of discrimination that took place, at least in part, within the limitations period. This argument fails.

Under the continuing violation doctrine, discriminatory acts that are not individually actionable may be aggregated to make out a hostile work environment claim; such acts "can occur at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period." Mandel v. M & Q Packaging Corp., 706 F.3d 157, 165 (3d Cir. 2013) (citation omitted). To allege a continuing violation, "the plaintiff must show that all acts which constitute the claim are part of the same unlawful employment practice and that at least one act falls within the applicable limitations period." Id. at 165-66 (emphasis added) (citations omitted).

Here, none of the averments in Plaintiffs' complaint relate to incidents that occurred after 2007. As explained above, Plaintiffs did not file their complaint (and amended complaint) until 2012, and Plaintiffs' causes of action carry a maximum statute of limitations period of four years. Because none of the allegations in Plaintiffs' complaint fall within the applicable limitations periods, the "continuing violations" doctrine does not apply here.

**B. Remaining Preliminary Objection of Fajt and the Department**

Plaintiffs next maintain the trial court erred in sustaining the preliminary objections of the Department and Fajt on the ground that Plaintiffs' claims against them are barred by *res judicata*. Plaintiffs contend *res judicata* does not apply here because: the parties in the current suit are not the same parties as in the prior suit; and, the prior suit was not fully adjudicated. In particular, they argue Plaintiff Collins filed a federal suit, which was not fully adjudicated.

In <u>Wilkins Township v. Wage Policy Committee of Wilkins Township Police Department</u>, 162 A.3d 581, 586-87 (Pa. Cmwlth. 2017), we recently explained:

> *Res judicata* and collateral estoppel preclude parties from contesting claims and issues that have been previously litigated. <u>In re Stevenson</u>, 40 A.3d 1212, 1222 (Pa. 2012). Our Supreme Court has explained the doctrine of res judicata as follows:
>
> > The term 'res judicata' is often sweepingly used, by courts and litigants alike, to refer to the various ways in which a judgment in one action will have a binding effect in a later action. 'Res judicata' encompasses the modern principle of issue preclusion (traditionally known as estoppel), which is the common law rule that a final judgment forecloses relitigation in a later action involving at least one of the original parties, of an issue of fact or law which was actually litigated and which was necessary to the original judgment.
>
> <u>Clark v. Troutman</u>, 502 A.2d 137, 139 (Pa. 1985). To support a claim of *res judicata*, a party must show a concurrence of four conditions: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of

13

the quality or capacity of the parties suing or sued. Itama Dev. Assocs., LP v. Zoning Hearing Bd. of Twp. of Rostraver, 132 A.3d 1040, 1049 (Pa. Cmwlth. 2016). 'The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights.' Takacs v. Indian Lake Borough, 10 A.3d 416, 418 (Pa. Cmwlth. 2010).

The doctrine of collateral estoppel, or issue preclusion, precludes the relitigation of issues of fact or law determined in a prior proceeding. Mason v. Workmen's Comp. Appeal Bd. (Hilti Fastening Sys. Corp.), 657 A.2d 1020 (Pa. Cmwlth.), appeal denied, 668 A.2d 1140 (Pa. 1995). Collateral estoppel applies if: (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to actually litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. Liberty Mut. Ins. Co. v. Bureau of Workers' Comp., 37 A.3d 1264, 1270 n.12 (Pa. Cmwlth.), appeal denied, 53 A.3d 51 (Pa. 2012).

*Res judicata* prohibits parties involved in a prior litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication. Hillgartner v. Port Auth. of Allegheny Cnty., 936 A.2d 131 (Pa. Cmwlth. 2007). *Res judicata* shields parties from the burden of re-litigating claims with the same parties, or parties in privity with the original litigant, and serves to protect the courts from inefficiency and confusion that re-litigation fosters. Id.

Further, "[a] plaintiff must recover all damages arising from given operative facts in a single action when the first forum has the ability to give the relief sought in the second forum." Id. at 141 (quoting Int'l Prisoners' Union v. Rizzo, 356 F. Supp. 806, 810 (E.D. Pa. 1973)). Failure to raise a claim in the first forum and subsequently asserting it in an action arising out of the same facts constitutes a splitting of causes of action. Id.

**1. Plaintiff Dieffenbach's Prior Federal Suit**

Here, both Plaintiffs filed separate, prior lawsuits in federal court. As to Plaintiff Dieffenbach's federal suit, he filed suit in the U.S. District Court for the Middle District of Pennsylvania against several defendants, including the Department and Fajt. C.R., Item #21, Ex. A. In that suit, Plaintiff Dieffenbach alleged violations of Title VII, the PHRA, and 42 U.S.C. §§1981 and 1983, relating to his employment with the Department, including claims of discrimination and retaliation. Id.; see also Dieffenbach v. Crago, Civil No. 4:09-CV-0967 (M.D. Pa. filed June 10, 2011), 2011 WL 2601507. Further, that suit, which was litigated through the summary judgment stage, resulted in an entry of judgment in favor of all defendants, including Fajt and the Department, and that judgment was affirmed on appeal. C.R., Item #21, Ex. A; see Dieffenbach v. Dep't of Revenue, 490 Fed. Appx. 433 (3d Cir. 2012). Therefore, no error is apparent in the trial court's determination that Plaintiff Dieffenbach's current suit against Fajt and the Department is barred by *res judicata*.

## 2. Plaintiff Collins' Prior Federal Suits

With regard to Plaintiff Collins, however, Defendants Fajt and the Department candidly concede the trial court's determination that Plaintiff Collins' claims against them are barred *res judicata* and cannot be supported by the record.

More particularly, they explain, Collins filed two prior federal suits, which Fajt and the Department relied on in support of their preliminary objections. In 2007, he filed Collins v. Garman, No. 1:07-CV-1957 (M.D. Pa.). That suit was dismissed for failure to timely prosecute. C.R., Item #21, Ex. C. Thus, Fajt and the Department assert, as the trial court correctly concluded, that suit could not bar the present suit because a dismissal for failure to prosecute is not a "final judgment on the merits" for *res judicata* purposes. See Municipality of Monroeville v. Liberatore, 736 A.2d 31 (Pa. Cmwlth 1999).

Fajt and the Department further maintain the other federal suit Collins filed was Collins v. Sload, No. 1:CV-99-0829 (M.D. Pa.). They argue the federal trial court entered a final judgment in favor of the defendants in that suit by memorandum opinion and order in February 2006. C.R. Item #21, Ex. B. Like the present case, Fajt and the Department contend Collins' claims related to alleged acts of discrimination against him by the Department and its employees. However, they assert, in reviewing documents for preparing their brief to this Court, their counsel determined the claims in Sload, while involving Collins' employment with the Department, were related to events that occurred in or before 1999. Fajt and the Department argue the present case involves Plaintiff Collins' claims arising from 2004 through 2007. Although final judgment was not entered in Sload until

16

2006, Fajt and the Department maintain, Collins could not have raised the same issues as in his current suit because he filed his complaint in <u>Sload</u> in 1999.

For these reasons, Fajt and the Department assert Plaintiff Collins' claims against them in the present suit cannot be barred *res judicata* based on the judgment in <u>Sload</u>. As such, they ask that this Court reverse the trial court's order to the extent it sustained the preliminary objections filed by Fajt and the Department to Plaintiff Collins' suit on the ground of *res judicata* and remand for further proceedings on Plaintiff Collins' claims against them. We agree.

To that end, in sustaining the preliminary objection of Defendants Fajt and the Department to Plaintiff Collins' claims against them on the ground of *res judicata*, the trial court relied on the final judgment entered against Plaintiff Collins in <u>Sload</u>. However, the events giving rise to Plaintiff Collins' claims in <u>Sload</u> occurred prior to the events that give rise to Plaintiff Collins' claims in the current suit. To that end, Plaintiff Collins filed his original and amended complaints in <u>Sload</u> in 1999, and, as set forth above, the allegations in Plaintiff Collins' current suit relate to events that occurred between 2004 and 2007. C.R. Item #21, Ex. B. Further, although final judgment was not entered until 2006 in <u>Sload</u>, clearly Collins could not have raised the same issues as in his current suit when he filed his complaint in <u>Sload</u> in 1999.

As a result, the trial court erred in sustaining the preliminary objection of Defendants Fajt and the Department to Plaintiff Collins' claims against them on the ground of *res judicata* based on <u>Sload</u>. And, as the trial court noted, the

17

judgment entered in Plaintiff Collins' second federal suit, <u>Garman</u>, could not bar his current claims because Plaintiff Collins' suit in <u>Garman</u> was dismissed for failure to prosecute, and, therefore did not constitute a final judgment on the merits. <u>Liberatore</u>, 736 A.2d at 34 ("It is clear from the case law that a dismissal, even with prejudice, for failure to prosecute a claim is not intended to be res judicata of the merits to the controversy."). Thus, we reverse the trial court's order to the extent it sustained the preliminary objection of Defendants Fajt and the Department to Plaintiff Collins' claims against them, and we remand this matter to the trial court for further proceedings on Plaintiff Collins' claims against Fajt and the Department.

### III. Conclusion

Based on the foregoing, the trial court's order is affirmed to the extent it sustained the preliminary objections of the defendants other than Defendants Fajt and the Department to Plaintiffs' claims against those additional defendants because Plaintiffs' suit against those defendants is barred by the applicable statutes of limitations. Additionally, the trial court's order is affirmed to the extent it sustained the preliminary objections of Defendants Fajt and the Department to Plaintiff Dieffenbach's claims against them as those claims are barred *res judicata*. However, the trial court's order is reversed to the extent it sustained the preliminary objections of Defendants Fajt and the Department to Plaintiff Collins' claims against them on the ground those claims are barred *res judicata*. Noting with approbation the candid arguments on behalf of Defendants Fajt and the

18

Department, we remand this matter to the trial court for further proceedings on Plaintiff Collins' claims against Defendants Fajt and the Department.


_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eddie L. Collins and Gary Dieffenbach, :
                  Appellants    :
                                    :
             v.                :    No. 1876 C.D. 2016
                                    :

Earl Crago, Thomas Scott, Mike :
Garman, Joe Craigwell, Paul Sload, :
Kim Glaser, Carrie Ferree, Allen :
Jones, Donald Patterson, Colleen :
Alviani, Brian Williams, Greg Fajt, :
Julia Sheridan, Molly Leach, Wilbur :
Hetrick, Sarah Yerger, Commonwealth :
of Pennsylvania, Department of Revenue:
and Office of Inspector General (OIG) :
and PA Office of Attorney General :
(OAG), James Honchar, Sandra Muma, :
Nancy Moskel, Mary Graham, Susan :
Price, Benita Martinez, Bill Olsen, :
Somchai Sae-Tong, Christine Fritto :
Easton :

# O R D E R

AND NOW, this 15th day of September, 2017, the order of the Court of Common Pleas of Dauphin County is **AFFIRMED in part and REVERSED in part** and this matter is **REMANDED** to the Court of Common Pleas of Dauphin County for proceedings consistent with the foregoing opinion. Jurisdiction is relinquished.

 

 

_____
ROBERT SIMPSON, Judge